TuRley, J.
delivered the opinion of the court.
„ Two questions are raised in this case:
1st. Whether the lien which the law gives to the vendor of real estate as security for the payment of the purchase money against the vendee, and subsequent purchasers with notice, can he enforced against a purchaser under an execution upon a judgment against the vendee?
2dly. Whether a judgment confessed by a security without service of process is void, and therefore renders invalid a judgment on motion against his principal?
The first question has been elaborately examined by this court in the case of Gann vs. Chester & Blair, 5th Yerg. Rep. 205, where it was held, that “a vendor, who conveys land, can set up “ no lien, nor have any priority of satisfaction, for the unpaid pur- “ chase money, over other creditors of the vendee.” We concur in this opinion.
The second question rests upon the construction of the 3d section of the act of 1801, ch. 15, which provides in substance, that the court shall not permit a security to confess a judgment, so as to harrass his principal, provided that he will come in and indemnify him against future loss. It is probable, that it would be the duty of the court, if it knew that the person who proposed to confess the judgment was a security, and that he was doing so for the purpose of harrassing his principal, not to permit him to confess the judgment, when no process had been served, till notice had been given to the principal. But it is difficult to perceive, if the court permitted the confession of the judgment, how it could be declared void; and it is still more difficult to perceive how it would have been possible for the court in this case, as well as in most of the like kind, to know whether the person proposing to confess a judgment was a security or principal.
The statute is directory to the court, and a neglect to enforce its provisions, cannot be held to vitiate the judgment.
Let the decree of the chancery court he affirmed.